# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**STEPHEN LYNN WOODS,**
            Petitioner,

     v.                                              Case No. 10-C-0581

**JOHN PAQUIN, Warden,**
Racine Correctional Institution,
            Respondent.

---

## DECISION AND ORDER

Stephen Lynn Woods seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 15, 2008, Woods pleaded guilty to one count of possession with intent to distribute between five and fifteen grams of cocaine, one count of possession with intent to distribute between one and five grams of cocaine, and one count of possession with intent to distribute a quantity of marijuana. He was sentenced to a total of five years' imprisonment and five years' extended supervision. Woods challenges only his conviction on the first count of possession of cocaine with intent to deliver.

## I. BACKGROUND

Woods was arrested on October 1, 2007, after attempting to sell drugs to a police informant. During the course of the arrest, Woods attempted to hide drugs that were in his possession by putting them in his mouth and swallowing them. However, he was unsuccessful, and the arresting officers recovered 7.6 grams of cocaine. The officers then conducted a search of Woods' home and recovered marijuana, cocaine base, drug paraphernalia and $17,400 in cash.

1

After the prosecution agreed to drop certain charges against him, Woods decided to plead guilty. Attorney Allison Ritter represented him at the plea hearing. During the course of the plea colloquy, Woods stated twice on the record that he did not intend to sell the 7.6 grams of cocaine, and that therefore he was guilty only of simple possession of cocaine rather than possession with intent to distribute. After two discussions off the record with Ritter, Woods informed the court that he understood what it means to possess with intent to deliver and would plead guilty to that charge. He did so plead and was later sentenced by the court.

Woods filed a post-conviction motion in the trial court challenging his guilty plea. He alleged that Ritter's advice to him concerning possession with intent to deliver was inaccurate and that therefore she rendered ineffective assistance of counsel. Specifically, he alleged that Ritter advised him that possession of 7.6 grams of cocaine would give rise to a presumption that he intended to distribute the cocaine rather than consume it himself, and that therefore if he went to trial on the charge he would certainly be convicted. Woods stated that if he did not receive this inaccurate advice he would not have pleaded guilty and would have insisted on going to trial. Woods also moved to withdraw his guilty plea on the ground that he was actually innocent of possession with intent deliver, and that therefore a "manifest injustice" would occur if he was not allowed to withdraw his guilty plea.

In connection with the post-conviction motion, the trial court held a Machner hearing, see State v. Machner, 92 Wis. 2d 463 (Ct. App. 1975), and heard testimony from both Woods and Ritter regarding the advice that Ritter gave prior to and during Woods' plea hearing. Woods testified that Ritter advised him that possession of 7.6 grams of cocaine "infers intent," and that this left him with the impression that because he was caught with

2

7.6 grams of cocaine the jury would presume that he had intent to deliver. (Machner Hearing Tr. [Answer Ex. N] at 57-59.) He therefore decided to plead guilty to the charge even though it was his intent to consume the cocaine himself. Ritter denied ever advising Woods that possession of a certain amount of cocaine would raise an automatic presumption that he had intent to deliver. (Id. at 28.) Rather, she advised him that whether he had intent to deliver depended on the totality of the circumstances, and that it was her opinion that if he went to trial on this charge the jury would most likely find that he had intent to deliver the cocaine. (Id. at 20.) Her opinion was based on the amount of cocaine in his possession at the time of arrest, the amount of cash in his possession, the fact that he didn't have a job at the time, and his statement to police that he sold drugs. (Id.)

During the Machner hearing, Woods also indicated that if Ritter had informed him that, at trial, he could ask the judge to submit a lesser-included-offense instruction for simple possession, he would have gone to trial rather than plead guilty. (Id. at 46.) Ritter testified that although she may not have specifically mentioned the possibility of requesting a lesser-included instruction for simple possession, she did discuss with him the fact that the "crux" of the decision between pleading guilty and going to trial was whether the evidence would establish possession with intent or merely simple possession. (Id. at 14-17.)

After the Machner hearing, the trial court found that Attorney Ritter's advice was not deficient under Strickland v. Washington, 466 U.S. 668 (1984). The court found that Ritter did not give Woods erroneous advice concerning the standard for proving intent to deliver under Wisconsin law and that her opinion that Woods would likely be found guilty if he

3

went to trial was reasonable.[1] The court also found that although Ritter may never have specifically mentioned the possibility of requesting a lesser-included instruction on simple possession, her explanation about the difference between simple possession and possession with intent to distribute was sufficient to fully advise Woods of the risks and benefits of pleading guilty rather than going to trial. Finally, the court rejected Woods' claim that he was actually innocent of possession with intent to deliver.

Woods appealed to the denial of his post-conviction motion to the Wisconsin Court of Appeals, which affirmed. After the Wisconsin Supreme Court declined review, Woods commenced this habeas action.

## II. DISCUSSION

Woods raises three claims in his habeas petition: (1) that a manifest injustice will occur if he is not allowed to withdraw his guilty plea; (2) that Ritter's advice regarding the inference of intent to deliver constituted ineffective assistance of counsel, and (3) that Ritter's failure to advise Woods that he could request a lesser-included-offense instruction for simple possession constituted ineffective assistance of counsel. However, all three of these claims boil down to the question of whether Ritter's advice about pleading guilty versus going to trial was constitutionally deficient.[2] Because the Wisconsin courts resolved

---

[1] The trial court did not issue its own findings; rather, it adopted the state's brief in opposition to the post-conviction motion as its findings of fact and conclusions of law. The adopted brief can be found in the appendix to the state's appellate brief, which is attached to respondent's answer as Exhibit C. (Docket #13-3.)

[2] Woods' "manifest injustice" claim may involve only a question of state law – namely, whether Woods satisfied Wisconsin's criteria for withdrawing a guilty plea after sentencing – and federal courts cannot review questions of state law in a habeas proceeding. Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004). However, the gist of the claim seems to be that Woods should be allowed to withdraw his guilty plea because he received erroneous advice from Ritter and therefore did not knowingly waive his right

this issue on the merits, I may grant Woods' habeas petition only if the courts rendered a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d).

A decision is "contrary to" established federal law as determined by the Supreme Court if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an unreasonable application of Supreme Court precedent when the court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08.

The Supreme Court precedent relevant to the present case is Strickland v. Washington, 466 U.S. 668 (1984), and related cases governing claims of ineffective assistance of counsel. To prevail on an ineffective-assistance claim, Woods must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Id. at 689-92. To show that counsel's deficient performance prejudiced his defense, Woods must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. To satisfy Strickland in the context of a guilty plea, a petitioner must show that

---

to a trial when pleading guilty. Thus, this claim may have a federal element, but to the extent it does it is no different than Woods' ineffective-assistance claim. Therefore, I will not separately discuss the manifest-injustice claim.

5

counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, the petitioner would not have pleaded guilty, but would have insisted upon a trial. Ward v. Jenkins, 613 F.3d 692, 698 (7th Cir. 2010).

As discussed, the state court identified Strickland as the governing legal rule. It also conducted an evidentiary hearing and found as a matter of fact that Ritter did not advise Woods that possession of 7.6 grams of cocaine raised an automatic inference of intent to distribute. This finding was not unreasonable in light of the evidence presented during the Machner hearing. Further, the court determined that the advice Ritter actually gave to Woods about pleading guilty rather than going to trial on the issue of intent to distribute was reasonable and therefore did not amount to deficient performance. I cannot see any way in which this determination could be said to be erroneous, much less contrary to or an unreasonable application of Strickland or any other Supreme Court case involving ineffective assistance of counsel. Therefore, Woods is not entitled to habeas relief.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 27th day of October 2011.

s/_____
LYNN ADELMAN
District Judge